IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


TRAVIS PIERRE STEWART,                                Civ. No. 3:13-cv-2147-AC


                    Plaintiff,                        OPINION AND ORDER

        v.

ROCKTENN CP, LLC, aka ROCK TENN
and ROCK-TENN SERVICES, INC., aka
ROCK TENN,

                    Defendants.
_____

ACOSTA, Magistrate Judge.

        Plaintiff Travis Stewart ("plaintiff") brings this civil rights action alleging employment

discrimination under Title VII and the Americans with Disabilities Act ("ADA"), as well as state

law claims.  Before the court is defendant RockTenn's ("defendant") motion for terminating

sanctions (ECF No. 76).  Plaintiff filed a response (ECF No. 86), and defendants replied (ECF

No. 88) on March 24, 2016. Oral argument was held on June 1, 2016.  For the reasons discussed below, defendants' motion is granted.

*Background*

Plaintiff filed this lawsuit *pro se* on December 6, 2013, alleging employment discrimination through a variety of state and federal claims.  Defendants moved to dismiss the Title VII and Americans with Disabilities Act ("ADA") claims as untimely because they were filed more than 90 days after plaintiff received a June 25, 2013 right-to-sue letter from the U.S. Equal Employment Opportunity Commission ("EEOC").

On April 4, 2014, Megan Lemire accepted pro bono appointment to represent plaintiff. (ECF No. 26.)  On August 1, 2014, Ms. Lemire submitted plaintiff's sworn declaration (ECF No. 44) in support of plaintiff's motion for leave to file a supplemental and third amended complaint. The declaration stated that: (1) plaintiff received a Dismissal and Notice of Rights from the EEOC dated June 25, 2013; (2) upon receipt of the Dismissal and Notice of Rights, plaintiff called an EEOC investigator for instructions on how to proceed; (3) the EEOC investigator, Mr. Benedict, advised plaintiff that his case had been closed and to contact the San Francisco office of the EEOC; (4) plaintiff did as instructed, and Mr. Vincent Clark at the San Francisco EEOC office advised him to wait to receive a second letter before filing suit; (5) on September 13, 2013, plaintiff received a Notice of Right to Sue letter addressed, however, to "Ted Corrales;" (6) based on his communications with the EEOC, plaintiff believed that the September, 2013 letter was his right-to-sue letter.  (ECF No. 44, at ¶¶ 3-9.)

On August 1, 2014, Ms. Lemire submitted a declaration stating a reasonable basis existed to assert equitable tolling of the deadline to file plaintiff's EEOC claims.  (ECF No. 45.)

On April 24, 2015, the court dismissed plaintiff's claims for failure to raise a colorable argument for tolling the 90-day deadline, but noted that plaintiff may be able to allege facts from his declaration in an amended pleading. (ECF No. 55.) Through counsel, plaintiff filed a Supplemental and Third Amended Complaint ("TAC") on May 30, 2015 that included allegations consistent with his declaration. ECF No. 57. Specifically, the TAC states that "[p]laintiff received a document titled 'Dismissal and Notice of Rights,' which was dated June 25, 2013." *Id.*, at ¶ 8. The TAC also states, "[t]hroughout the administrative process, Plaintiff appeared pro se. During most of the administrative process, Plaintiff was homeless and living out of his car. Plaintiff moved to California and, having not received his Notice of Rights to Sue or FOIA file, Plaintiff filed a second FOIA request in September 2013." *Id.* at ¶ 9.

Plaintiff's deposition occurred on September 17, 2015. (ECF No. 77, Ex. 1.) At the deposition, plaintiff stated that he did not receive the June 25, 2013 right-to-sue letter from the EEOC, and that he was unfamiliar with such a letter. *Id.* Shortly thereafter, on September 21, 2015, Ms. Lemire moved to withdraw as plaintiff's counsel. (ECF No. 68.) The court granted Ms. Lemire's motion. (ECF No. 70.)

Based on the events described above, defendant filed a motion for terminating sanctions. (ECF No. 76.) Defendant asks the court to dismiss plaintiff's complaint with prejudice, alleging that the inconsistency between plaintiff's declaration and his deposition testimony regarding the receipt of the June 25, 2013 right-to-sue letter is a deliberate falsification that provides grounds for terminating sanctions.

## Legal Standards

Courts have inherent powers to manage their own affairs "so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). These

powers include imposition of terminating sanctions for "abusive litigation practices." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987). Abusive practices warranting termination include perjury, falsifying evidence, and filing false pleadings. *See Combs v. Rockwell Int'l Corp.,* 927 F.2d 486, 488 (9th Cir. 1991) (affirming dismissal for falsifying a deposition); *see also TeleVideo Sys., Inc.*, 826 F.2d at 917 (affirming entry of default judgment for perjury and false pleadings). Dismissal is appropriate "when a party has wilfully deceived the court." *Wyle v. R.J. Reynolds Industs., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (affirming dismissal where plaintiff falsely denied material facts and failed to comply with discovery orders). Dismissal must be supported by a finding of "willfulness, fault, or bad faith." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The court should also consider the availability of lesser sanctions. *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 352 (9th Cir. 1995).

## Discussion

Defendant asks this court to dismiss plaintiff's lawsuit with prejudice or, alternatively, dismiss his Title VII and ADA claims, as a sanction for plaintiff's material misrepresentations regarding receipt and knowledge of the June 25, 2013 right-to-sue letter. In his Response, plaintiff contends that he terminated his relationship with Ms. Lemire because she submitted inconsistent statements in the TAC and that defendant "is now exploiting Ms. Lemire's error." (ECF No. 86, pp. 2-3).

Before awarding terminating sanctions, the court must consider the public's interest in speedy resolution of litigation, the court's need to manage its docket, the risk of prejudice to the moving party, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions. *Clear-View Technologies,* 2015 WL 2251005, at *10 n.105, (citing

*Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995)). While the court need not make explicit findings on each of these factors, dismissal must be supported by a finding of "willfulness, fault, or bad faith." *Leon*, 464 F.3d at 958. The question is thus whether plaintiff's conduct evidences a culpable mental state sufficient to support a finding of willfulness. In *Clear-View Technologies, Inc. v. Rasnick*, the court found a party's conduct to be willful where it destroyed relevant evidence, failed to conduct a reasonable search when compelled to produce documents, and made misrepresentations to the court under oath about its preservation and collection efforts. *Clear-View Technologies, Inc. v. Rasnick*, 2015 WL 2251005, at *8-9 (N.D. Cal., May 13, 2015) (awarding monetary sanctions and a permissive adverse jury instruction). Willful conduct also was established by evidence that a party failed to preserve relevant evidence, misrepresented facts of the case, made false assertions of privilege, and presented false deposition and hearing testimony. *Sell v. Country Life Insurance Company*, --- F. Supp. 3d ---, 2016 WL 3179461, at *14-15 (D. Ariz., June 1, 2016) (finding "a concerted effort to wrongfully withhold evidence, misrepresent the facts, and mislead [the opposing party] and the Court to comport with Defendant's and counsels' false narrative" warranted striking defendant's Answer and entering default judgment on plaintiff's claims).

Here, plaintiff filed a sworn declaration stating that he received two letters from the EEOC: a Dismissal and Notice of Rights in June, 2013, and a right-to-sue letter in September, 2013. (ECF No. 44, p. 2.) Plaintiff's declaration, filed August 1, 2014, was sworn and executed under penalty of perjury. *Id.* at p. 4. The court finds these conditions sufficient to establish that plaintiff willfully submitted the statements contained in his declaration.

In his September, 2015 deposition, plaintiff stated that he had not received a letter from the EEOC in June of 2013. (ECF No. 77, p. 7, at ¶¶ 14-17.) Plaintiff reiterated this assertion to

the court at oral argument. The court finds that the conditions of plaintiff's deposition and oral argument also establish that plaintiff submitted these statements willfully. Thus, while the record suggests that plaintiff might have been confused[1] about the nature of a right-to-sue letter, plaintiff willfully submitted contradictory sworn statements to the court that misrepresented the facts of the case. *See, e.g., Sell v. Country Life Insurance Company*, --- F. Supp. 3d ---, 2016 WL 3179461, at *14-15 (willful conduct includes misrepresenting the facts of the case and presenting false deposition testimony). As noted above, the court relied upon plaintiff's declaration to permit him to allege facts to support equitable tolling. (*See* ECF No. 55, pp. 20-21.) Plaintiff's willful misrepresentations to the court warrant sanctions.

The court has considered the availability of lesser sanctions. Because of plaintiff's insolvency, monetary sanctions are not appropriate to address and remedy the conduct. The court therefore finds that the sanction of dismissal with prejudice of plaintiff's Title VII and ADA claims is appropriate. *Leon*, 464 F.3d at 958 (dismissal is an appropriate remedy for misconduct when supported by a finding of willfulness). The court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims, and those claims are thus dismissed without prejudice.

---

[1] For example, plaintiff's declaration suggest that he was confused about what a right-to-sue letter was, as evidenced by his phone call to the EEOC to inquire what to do after he received his Dismissal and Notice of Rights letter in June, 2013. (ECF No. 44, at ¶ 3.) As noted, plaintiff was also unrepresented throughout the administrative process; as his declaration states, "[he had] never been through the EEOC or court process to file a case against an employer for discrimination before and [was] unfamiliar with the process or legal requirements." (ECF No. 44, at ¶ 14; *see also* ECF No. 57, at ¶ 9.) Consistent with his deposition testimony, plaintiff states in his response to defendant's motion (ECF No. 86) that he did not receive the June 25, 2013 right-to-sue letter, and that his former attorney Ms. Lemire mistakenly stated in the TAC that he received a Notice of Rights dated June, 2013. (ECF No. 86, p. 2.)

*Conclusion*

After careful consideration of the briefs and the entire record, the court GRANTS IN

PART defendants' motions to dismiss (ECF No. 76), and dismisses plaintiff's Title VII and

ADA claims with prejudice.  Plaintiff's state law claims are dismissed without prejudice.

IT IS SO ORDERED.

DATED this 29th day of June, 2016.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge